IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Gertha D. White,                  :

    Plaintiff,             :

  v.                              :    Case No. 2:07-CV-216

Honda of America Mfg., Inc.,      :    JUDGE SARGUS

    Defendant.             :

ORDER

This single-plaintiff employment discrimination case is currently before the Court on motions to compel filed by both parties and a motion to continue discovery filed by plaintiff, Gertha White. For the following reasons, Honda's motion to compel (#16) will be granted in part and Ms. White's motion to compel (#25) as well as her motion to continue discovery (#27) will be denied.

I.

By way of background, Ms. White was employed by Honda at its Anna Engine Plant from March 6, 1989 until she was terminated on December 5, 2005. In her complaint, Ms. White alleges claims arising under Section 1981, Title VII, and Ohio Revised Code Chapter 4112 including race discrimination, racial and sexual harassment, and retaliation. Ms. White also asserts claims of intentional infliction of emotional distress and breach of implied contract. Ms. White seeks emotional distress damages with respect to all of her claims.

II.

The Court will first address Honda's motion to compel. Because Ms. White has claimed emotional distress damages, Honda is pursuing discovery related to the issue of emotional distress.

To this end, in its First Set of Interrogatories to Plaintiff Honda asked Ms. White "to identify all persons with knowledge related to each such form of damages." See Broz Affidavit, Ex. 1. In response, Ms. White listed four doctors as "[p]ersons with information concerning Plaintiff's mental and physical damages." See Broz Affidavit, Ex. 2. According to its motion to compel, when Honda then requested that Ms. White execute a HIPAA release for the identified doctors to permit the production of her medical records, Ms. White declined claiming that the records are protected by the physician-patient privilege. As a result, Honda has moved to compel the production of these medical records contending that, because Ms. White has placed her mental health at issue, she has waived any physician-patient privilege under both federal and Ohio law.

In response, Ms. White relies on the case of Gaines-Hanna v. Farmington Public Schools, 2006 WL 932074 (E.D. Mich. 2006), and urges the Court, under the doctrine of intra-court comity, to reject the view that the psychotherapist-patient privilege is waived by a claim for emotional injury. Further, Ms. White requests that the Court issue a protective order prohibiting Honda "from seeking, subpoenaing, or in any manner attempting to gain access to Plaintiff's privileged mental health records." Plaintiff's Opposition at p. 7.

The federal common law psychotherapist-patient privilege is well-established. The Supreme Court held in Jaffee v. Redmond, 518 U.S. 1 (1996) that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." Id. at 15. See also In re Zuniga, 714 F.2d 632, 639 (6th Cir. 1983) (recognizing the psychotherapist-patient privilege in the Sixth Circuit). However, as with other privileges, this privilege may

be waived by the patient or party it was designed to protect. Id. at 15, n. 14. The Sixth Circuit has held that the privilege is waived when one's mental health is placed at issue. Maday v. Public Libraries of Saginaw, 480 F.3d 815, 821 (6th Cir. 2007); Simon v. Cook, 261 Fed.Appx. 873 (6th Cir. 2008).

Under Ohio law, physician-patient confidentiality is governed by Ohio Revised Code §2317.02(B) and psychologist-patient confidentiality is governed by §4732.19. Communications between psychologists and patients are treated "as those between physician and patient." O.R.C. §4732.19. The privilege is waived upon the patient's filing of "any ... civil action." O.R.C. §2317.02(B)(1)(a)(iii). See, e.g., Menda v. Springfield Radiologists, Inc. (2000), 136 Ohio App.3d 656.

The Court agrees with Honda that the issue of waiver of the psychotherapist-patient privilege under the circumstances present here is well-established under both Sixth Circuit and Ohio law. Plaintiff's argument to the contrary is not persuasive. Consequently, the Court will not deny the motion to compel on grounds of privilege.

Simply concluding that Ms. White has waived any physician-patient or psychotherapist-patient privilege, however, does not end the Court's inquiry. Rather, the production of medical records relating to a plaintiff's claim of emotional injury presents issues of both relevance and confidentiality which, while not unique to this setting, do challenge judges and litigants to be appropriately sensitive to the competing interests at stake. Certainly, the Federal Rules of Civil Procedure governing discovery, although they have been somewhat circumscribed in recent years to cut down on the cost and expense of pretrial discovery, still reflect a liberal policy of permitting pretrial discovery of information that is "relevant to the claim or defense of any party," Fed.R.Civ.P. 26(b)(1), so long as the request for such information is "reasonably

calculated to lead to the discovery of relevant evidence." Id. On the other hand, the Court has been given wide discretion to fashion protective orders that will protect a party against "annoyance, embarrassment, oppression, or undue burden and expense," including orders which either restrict the use and dissemination of such information or which prohibit its production altogether. Fed.R.Civ.P. 26(c). The question then becomes whether the medical records at issue are truly relevant to the plaintiff's claim of emotional injury or to the defense that such injury stems in whole or in part from other sources, and, if so, whether the nature of the medical conditions revealed in those records is sufficiently sensitive and subject to misuse that the Court ought either to restrict its use or simply deny the defense request for such information.

The most common justification for inquiry into medical records involving conditions other than the one allegedly caused by the defendant's actions is that medical conditions, and particularly those having an emotional component, may result from multiple causes. Court decisions recognize this reality, noting that "medical records may be ... relevant if they shed light on other contributing causes of Plaintiff's emotional distress claims." Walker v. Northwest Airlines Corp., 2002 WL 32539635, *3 (D. Minn. October 28, 2002); see also Moore v. Chertoff, 2006 WL 1442447 (D.D.C. May 22, 2006). On the other hand, such records are peculiarly subject to misuse, especially if widely disseminated, since the Courts have been ready to recognize the significant privacy interests adhering to medical information. Thus, Courts have commonly restricted the disclosure of such records to opposing counsel and experts, preventing even opposing parties from viewing such information unless there is an especially compelling reason for them to do so. See, e.g., Schofstall v. Henderson, 223 F.3d 818 (8th Cir. 2000); see also Alexander v. Federal Bureau of Investigation, 186 F.R.D. 54 (D.D.C. 1998); Dunn v. Warhol, 1992 WL 102744 (E.D. Pa. May 8,

4

1992). It is with these principles in mind that the pending request for discovery of medical information will be evaluated.

In this case, Ms. White has not challenged the relevancy of the discovery Honda is seeking to compel. Moreover, there is no question that "contemporaneous medical records documenting the existence of emotional distress are relevant, and most plaintiffs would wish to disclose such documents during discovery so that they can be used as affirmative proof of the existence and severity of the claimed condition." <u>Hawkins v. Anheuser-Busch, Inc.</u>, Case No. 2:05cv0688 (S.D. Ohio Aug. 22, 2006). On the other hand, medical records may also contain evidence to assist the defendant in showing either the lack of a causal connection between the employer's actions and an emotional injury, or the presence of multiple causes. <u>Hawkins</u>. In any event, had Ms. White raised such a challenge, there would be no question in the Court's mind that the medical records pertaining to her emotional distress are relevant under the requirements of Fed. R.Civ.P. 26(b)(1).

Again, however, given the nature of the information sought, the Court's obligation here does not end with a discussion of relevancy. Rather, the Court has a responsibility, as discussed above, to recognize and address the privacy issues specific to medical information. In this regard, the Court notes that there is not a standing protective order in this case. While Ms. White has requested a protective order in her response to the motion to compel, she proposes that defendants be prohibited from "seeking, subpoenaing, or in any manner attempting to gain access to Plaintiff's privileged mental health records." For the reasons set forth above, Ms. White's request will be denied. However, the Court, after considering the significant privacy issues inherent to medical information, concludes that the initial production of the records should be for counsel's and experts'

eyes only. If, however, after its review of the documents, Honda believes that a lower level of protection is warranted, it may make such a request to Ms. White's counsel. If the parties cannot agree, Honda may move the Court for a modification of this order.

III.

Turning to Ms. White's motion to compel, Ms. White claims that Honda has refused to produce any discovery related to electronically stored information. Specifically, Ms. White contends that Honda's objections to Plaintiff's First Interrogatories to Defendant Related to Electronically Stored Information 1 through 13, Plaintiff's First Request for Production of Documents Related to ESI 1 through 8, and Plaintiff's First Request for Production of Documents Nos. 9, 15, 20, and 75 on grounds of relevancy and undue burden are without merit.

Further, Ms. White asserts that Honda has not produced all documents relevant to her claims. The basis for Ms. White's position is that, because in response to Request for Production No. 4, Honda stated that "no such responsive documents exist," Honda's failure to make such a certification in response to numerous other requests (despite producing documents over objection) indicates that responsive documents may exist in other files or locations. Although the motion is not entirely clear, Ms. White appears to be seeking to compel the production of additional documents under this theory in response to 38 requests including Requests for Production Nos. 1, 6-8, 10, 12, 14, 19, 21, 23, 24, 26, 27-44, 52, 54, 59, 65, 66, 67, 72, and 73. Additionally, Ms. White contends that Honda's objections to Request Nos. 20, 48, 49, and 55 on grounds of undue burden or lack or relevance are "unsubstantiated," "boilerplate" objections designed to evade discovery.

In response, Honda raises several points.  First, Honda contends that the motion to compel is untimely and should be denied.  According to Honda, on December 7, 2007, Ms. White served her first set of document requests on Honda.  On January 25, 2008, Honda responded to these document requests and also responded to thirteen ESI interrogatories.  On May 23, 2008, Honda responded to eight ESI document requests.  On May 8, 2008, Ms. White sent Honda a letter detailing the alleged deficiencies in the discovery responses.  Honda responded by letter dated May 23, 2008.  On June 25, 2008, Ms. White sent a second discovery letter to which Honda responded on July 23, 2008.  Discovery closed on August 6, 2008.  Ms. White did not file a motion to compel or a request to extend the discovery deadline prior to that date.  Rather, Ms. White filed her motion to compel two and one-half months afer the discovery cut-off and one month after Honda filed its motion for summary judgment.  Honda asserts that Ms. White provided no indication why it was impossible or impractical for her to file such a motion within the Court-ordered deadline.  Honda contends that it will be prejudiced if Ms. White is granted additional time because of both the burden and expense of responding to voluminous discovery and because Ms. White has the benefit of already having read Honda's motion for summary judgment.

With respect to Ms. White's request for ESI discovery specifically, Honda asserts that the parties agreed in the Rule 26(f) Report to produce all documents on paper.  Additionally, with respect to Request No. 1, Honda claims that Ms. White was an associate who worked on the line and did not have access to a computer, did not have a Honda e-mail account, was not able to create or store documents, and was not provided with a cell phone or PDA.  Moreover, Honda contends, it itemized the paper files it was preserving and Ms. White did not object to these efforts nor

7

did she request that additional documents be preserved. Honda further asserts that the remaining ESI requests are irrelevant and Ms. White has never articulated how or why they are relevant.

With respect to the Requests for Production, Honda contends that it has produced all files likely to contain relevant and responsive information about Ms. White's employment at Honda. In fact, Honda asserts, it has produced 1,957 pages of documents which included Ms. White's personnel, department, associate relations, and corporate compliance and ethics files as well as wage and training information, attendance data, handbooks, benefits materials, and Honda's discrimination and anti-harassment policies. According to Honda, any requirement that it search "all documents" that "relate or pertain" to Ms. White would be overly burdensome and not likely to lead to the discovery of additional relevant information.

Additionally, Honda asserts that Document Request Nos. 48 and 49 are overly broad and burdensome because they purportedly seek all documents related to any allegations of harassment made during a sixteen-year period, by any employee, against any other employee, in any department, on any shift, in any of Honda's three geographically separated plants. Finally, Honda argues that the organizational structure information Ms. White seeks in Request for Production No. 20 is irrelevant and proprietary. Honda claims that the names of Ms. White's supervisors and the Associate Relations department staff who disciplined her are readily ascertainable from the information already provided. Moreover, the Anna Engine Plant floor plan sought by Request for Production No. 55 has nothing to do with whether Ms. White was discriminatorily disciplined or harassed.

A district court enjoys broad discretion in managing discovery. "[I]t is well established that the scope of discovery is within the sound discretion of the trial court. Accordingly,

8

denials of motions to compel discovery are reviewed only for an abuse of discretion." Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir. 1993). A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. Ginett v. Federal Express Corp., 166 F.3d 1213 (Table)(6th Cir. 1998).

There is no question here that Ms. White's motion to compel is untimely. Moreover, to the extent that Ms. White has offered any explanation for the delay in filing her motion, this explanation does not account for such a lengthy delay – especially given that the challenges she raises to Honda's responses are fairly routine and many were capable of being raised as early as January 25, 2008. Further, Ms. White's explanation does not persuade the Court that the very same reasons for delay could not have been raised in a timely motion to extend the discovery deadline. Finally, the Court agrees with Honda that it would be prejudiced if compelled to retrieve additional documents when it has already produced roughly 2,000 pages and filed a 48-page motion for summary judgment. All of these factors weigh heavily in favor of concluding that Ms. White's motion to compel should be denied as untimely.

At the same time, however, the Court has reviewed Ms. White's motion and believes it fails on its merits as well. Turning first to Ms. White's claim that Honda's failure to "certify" in certain responses that no other responsive documents exist requires Honda to search additional files and locations for other potentially responsive documents, the Court cannot agree. There is no question that a written response by trial counsel is, in fact, a certification that counsel and client, together, have made a diligent search for responsive documents. Ms. White has not identified with any particularity any documents which she believes exist and have not been produced to her. There is no

9

reason, therefore, to direct that Honda undertake any additional search in response to these discovery requests, or for that matter, that Honda be required to provide any further certification.

Further, with respect to Ms. White's claims regarding the ESI discovery, there is no question that the parties agreed to produce all documents on paper. See Rule 26(f) Report (Doc. #12). Moreover, the burden to Honda of being required, at this late date, to undertake the requested discovery seems quite obvious. Additionally, Ms. White has not addressed the relevancy issues raised by Honda other than to assert generally that a broad discovery approach is allowed in employment discrimination cases. A broad discovery approach is not synonymous with unlimited discovery, however, and some demonstration of relevance as contemplated by Fed.R.Civ.P. 26 is still required. Ms. White has simply not offered anything beyond mere assertion here.

With respect to Request Nos. 48 and 49, the Court agrees with Honda that these requests are overly broad. Additionally, Ms. White has not demonstrated how any additional information sought by Request No. 20 is relevant. Information relating to Ms. White's supervisors and the Associate Relations department staff in charge of her discipline should be discernible from the information already provided. Finally, Ms. White has not demonstrated how the information sought by Request No. 55 relating to the floor plan of the Anna Engine Plant is relevant to her discrimination or retaliation claims.

IV.

Ms. White has also filed a motion for continuance to complete discovery under Fed.R.Civ.P.56(f)(2). In this motion, Ms. White claims that she has a plausible basis to believe that discoverable evidence exists which will prove Honda engaged in unlawful discrimination. Further, she asserts that her discovery

requests have been carefully crafted to request evidence relevant to a disparate treatment case. Finally, Ms. White incorporates by reference her motion to compel.

In response, Honda contends that Ms. White has not met the burden for extending discovery pursuant to Fed.R.Civ.P. 56(f). Specifically, Honda asserts that Ms. White has not filed an affidavit in support of her motion, she cannot succeed on her disparate treatment claim in light of her deposition testimony disavowing such a claim, and she has been dilatory in pursuing discovery.

In reply, Ms. White provided an affidavit of counsel to support her motion. According to both the reply brief and the affidavit, Ms. White is not seeking additional time in order to pursue new discovery. Rather, as explained in her motion, she is seeking additional time to obtain the discovery sought by her motion to compel.

Fed.R.Civ.P. 56(f) establishes the proper procedure where a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment. This rule provides that if a party opposing the summary judgment motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court has the option of ordering a continuance to enable affidavits to be obtained, depositions to be taken or other discovery to be undertaken. Fed.R.Civ.P.56(f)(2)

The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000)(citing Radich v. Goode, 886 F.2d 1391, 1393-94 (3d Cir. 1989)). A motion under Rule 56(f) may be properly denied where the requesting party "makes only general

and conclusory statements regarding the need for more discovery," Ball v. Union Carbide Corp., 385 F.3d 713, 720 (6th Cir. 2004) (citing Ironside v. Simi Valley Hosp., 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit "lacks 'any details' or 'specificity.'" Id.; see also Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir. 1989).

After reviewing the affidavit submitted by Ms. White the Court finds that it lacks the specificity and detail contemplated by Fed.R.Civ.P. 56(f). Certainly, the Court's denial of the motion would be warranted on this basis alone. Beyond this, however, Ms. White's sole argument in support of her motion appears to be that she needs the documents she is seeking to compel so that she can more fully respond to Honda's summary judgment motion. Ms. White's argument is unpersuasive because, as set forth above, her motion to compel lacks merit. Because Ms. White has not offered anything else in support of her Fed.R.Civ.P. 56(f) motion, the Court's denial of the motion to compel precludes the need for any extension of discovery in this matter. Consequently, the motion for continuance to complete discovery will be denied. However, under the circumstances present here, Ms. White will be granted fourteen days to supplement her response to the motion for summary judgment.

V.

In their motions to compel, each party seeks an award of costs and attorney fees incurred in connection with the motion. Fed.R.Civ.P. 37(a)(5)(A) requires the payment of expenses associated with the grant of a motion to compel unless "the opposing party's nondisclosure, response, or objection was substantially justified, or ... other circumstances make an award of expenses unjust." Because the Court has concluded that the discovery sought in Ms. White's motion to compel is not appropriate, her request for costs and attorney fees will be

denied.  Further, the Court finds that the circumstances of this case would make unjust an award of costs and fees associated with Honda's motion to compel.  Consequently, Honda's request will be denied as well.

VI.

Based on the foregoing, Honda's motion to compel (#16) is granted in part as follows.  Any withheld medical records specifically relating to plaintiff's emotional distress claim shall be produced within ten days, but shall be disclosed only to counsel for Honda and any expert witnesses retained for the purpose of expressing opinions as to Ms. White's emotional distress claim.  If filed in Court, they shall be placed under seal, and if used at a deposition, persons other than counsel and experts shall be excluded from the deposition and any portion of the transcript referring to the records or the conditions described in them shall be treated as the records themselves and governed by the terms of this order.  If Honda seeks to lower or to remove the level of protection provided in this order, it may file a motion for such relief after conferring in good faith with Ms. White's counsel concerning the need to disseminate more broadly either the records at issue or the information they contain.

If there is any question as to whether particular records relate to Ms. White's emotional distress claim, Ms. White shall provide Honda with sufficiently detailed information to allow for a reasoned discussion between the parties regarding whether the condition for which treatment was sought is the type of condition which may have caused any of the emotional distress Ms. White attributes to Honda's alleged actions.  If the parties cannot agree on a procedure by which such records will be made available to Honda's counsel, they shall contact the Court to determine whether <u>in</u> <u>camera</u> review of any records would be appropriate.

Further, plaintiff's motion to compel (#25) and motion for continuance to complete discovery (#27) are denied. Plaintiff shall file any supplemental response to the motion for summary judgment within fourteen days from the date of this order.

The parties' requests for awards of attorney fees and costs are denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge